IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DANIEL PAUL SKIPPER, Register No. 328366, )
)
                Plaintiff, )
)
      v. )   No. 07-4201-CV-C-NKL
)
DAVE DORMIRE, et al., )
)
                Defendants. )

### REPORT, RECOMMENDATION AND ORDER

On January 11, 2008, a conference was held regarding plaintiff's request for preliminary injunctive relief. Plaintiff seeks relief for inadequate medical care for his leg and feet. Plaintiff participated by telephone and Missouri Department of Corrections defendants and Correctional Medical Services defendants appeared through counsel.[1]

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Counsel for Correctional Medical Services (CMS) asserted CMS defendants are ensuring plaintiff is receiving necessary treatment for his recent diagnosis of nerve palsy. Counsel further stated that plaintiff will remain in the transitional care unit of the prison until he has received his necessary brace and special ordered shoes.

Plaintiff advised the court that since the filing of his motion, he is now in the transitional care unit at the prison, has received a leg brace, special shoes have been ordered, and a wheelchair is being provided. Plaintiff conceded that because he is now receiving treatment, preliminary injunctive relief is unnecessary.

Subsequent to the conference, plaintiff filed, on January 16, 17 and 18, 2008, motions requesting an order for court TV and live media coverage of his case, amending his December 14 and 20, 2007 motions for appointment of counsel, and for a preliminary injunction. Plaintiff's motion for live media coverage has no merit and is denied. Plaintiff's motions for appointment of counsel are also denied. Plaintiff was previously denied appointment of counsel on November 20, 2007, and the court finds there to be no significant change of circumstances since that time that merit appointment of counsel. For the reasons already set forth in this report and recommendation, plaintiff's motion for a preliminary injunction should be denied.

On October 2, 2007, plaintiff filed a motion for reimbursement of his filing fee paid in this case, citing his indigence status and disability. Title 28 U.S.C. § 1915 requires all prisoners to pay the filing fee in full. In forma pauperis status allows an indigent prisoner to proceed without prepaying the filing fee in full, but requires an initial partial filing fee and subsequent monthly payments. 28 U.S.C. § 1915(b). There is no basis for granting plaintiff's motion.

2

IT IS ORDERED that plaintiff's motion for reimbursement of his filing fee is denied. [6] It is further

ORDERED that plaintiff's motions and amended motions for appointment of counsel are denied, without prejudice. [32, 38, 55, 60, 69] It is further

ORDERED that plaintiff's motion for order for court TV and live media coverage is denied. [54] It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief, and related motions be denied. [5, 26, 29, 33, 57, 67]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 29th day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge