# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

DANIEL PAUL SKIPPER, Register No. 328366, )
                                                                                       )
                Plaintiff,          )
                                           )
                    v.                   )          No. 07-4201-CV-C-NKL
                                           )
DAVE DORMIRE, et al.,          )
                                           )
                Defendants.       )

## REPORT, RECOMMENDATION AND ORDER

    Correctional Medical Services defendants Vickers, Hardman, Sulltrop and Swartz, on January 10, 2008, filed a motion to dismiss plaintiff's claims for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e, and for failure to state a claim. Plaintiff has failed to file a response.[1]

    Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

Defendants assert that plaintiff did not exhaust his administrative remedies as to his fall in October 2007 and his subsequent medical care.  Upon review, it is clear that plaintiff's fall and subsequent medical care occurred after the original filing of his complaint; therefore, such claims must be dismissed for failure to exhaust administrative remedies.  However, in taking plaintiff's complaint in the light most favorable to him, plaintiff's claims against the named CMS defendants are not solely based on his October 2007 fall and subsequent medical care.  Rather, plaintiff alleges a general denial of proper medical care, and cites becoming disabled in 1996, and being denied orthopedic shoes and an electric wheelchair.  Plaintiff alleges that despite prison officials knowing of his serious medical needs, they have failed to do anything for such needs.  Plaintiff further alleges a risk of harm that he may lose the use of one of his legs because of the medical care denials by the CMS defendants.  CMS defendants do not argue that plaintiff has not exhausted these additional claims.

To the extent CMS defendants Vickers, Hardman, Sulltrop and Swartz argue plaintiff's allegations of denial of medical care fail to state a claim, it is recommended that such dismissal be denied.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff.  Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).  Here, although there is no recovery for a plaintiff who merely disagrees with his course of medical treatment, or for mere negligence in treatment (see Estelle v. Gamble, 429 U.S. 97, 106 (1976) (prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate), Phillips v. Jasper County Jail, 437 F.3d 791, 795 (8th Cir. 2006) (disagreement with treatment decisions does not rise to level of constitutional violations)), the court, in taking plaintiff's

2

claims in the light most favorable to him, finds that under the federal rules notice pleading standard, plaintiff's claims are sufficient to proceed.

Plaintiff has filed several motions seeking preliminary injunctive relief in the form of motions to stop harassment, to be moved back to protective custody from administrative segregation, and to be moved to the Farmington Correctional Center.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

3

Plaintiff's motions regarding alleged harassment relate directly to the claims on which he is proceeding, and will be resolved in conjunction with such claims. Moreover, the alleged harassment poses no threat of irreparable harm to plaintiff.

Plaintiff's motions seeking transfer to protective custody also fail to support the necessity of a preliminary injunction. Defendants' response provides that plaintiff is in a single-man cell in administrative segregation and is not at risk of being harmed by other inmates.

As for a transfer to Farmington Correctional Center, plaintiff has no protected right in being assigned to any particular prison. Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)), and there is no basis for this court finding there is an irreparable threat of harm to plaintiff if he is not transferred.

Finally, this court has already held a conference and issued an order on plaintiff's previous requests for preliminary injunction. There is no basis for granting plaintiff's instant motions seeking preliminary injunctive relief for alleged harassment, for transfer, and for protective custody.

On October 19, 2007, prior to this court granting plaintiff's motion for leave to proceed in forma pauperis on his claims in his complaint, plaintiff filed a motion titled "Motion for Summary Judgment." The only statement made in the motion provides that "[i]f the Defendants has [sic] not made a reply within 20 days of above date; Petitioner move [sic] for Summary Judgment in his favor, and damages to be decided by jury."

Plaintiff's motion was prematurely filed, and provides no basis for the granting of summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure.

Plaintiff has filed numerous motions seeking appointment of counsel. Plaintiff previous motions for appointment of counsel were denied on November 2, 2007, and most recently on January 29, 2008. There has been no significant change of circumstances; therefore, for the reasons previously set forth by this court, plaintiff's motions for appointment of counsel and related request for a hearing are denied. Plaintiff's specific request to have the federal court pro se staff attorney from Kansas City, Missouri, J.K. Carter, appointed on his behalf is without any merit and is also denied.

Plaintiff has filed two motions to amend. Plaintiff's first motion filed on January 17, 2008, seeks to add new CMS defendants D.O. Elizabeth Conley and J. Cofield. Plaintiff alleges that J. Cofield denied him orthopedic shoes on January 26, 2007, and E. Conley agreed with such denial on January 31, 2007. CMS defendants have responded in opposition. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted absent a good reason for denial, such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility." Fuller v. Secretary of Defense, 30 F.3d 86, 88 (8th Cir. 1994). Upon review, plaintiff's motion to amend adding defendants D.O. Elizabeth Conley and J. Cofield is granted.

Plaintiff's second motion to amend, filed on January 25, 2008, seeks to name additional defendants and claims. Plaintiff seeks to add defendants Jefferson City Correctional Center (JCCC) and the Bob Barker Company. Plaintiff alleges these defendants have forced him to wear his Bob Barker Company tennis shoes instead of his medical shoes that he needs. Defendants have filed suggestions in opposition.

Plaintiff's claims are proceeding, pursuant to 42 U.S.C. § 1983, which provides jurisdiction when a person, acting under color of state law, deprives a citizen of any rights, privileges, or immunities secured by the Constitution and laws. The Jefferson City Correctional Center, as part of the Missouri Department of Corrections, is an entity of the State of Missouri and is not a person within the meaning of the Civil Rights Act, 42 U.S.C. § 1983. See Mittendorf v. Braun, 208 F.3d 218 (Table) (8th Cir. 2000). The Department also has Eleventh Amendment immunity and is not subject to an action for damages or equitable relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984). Based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

As to his claims against Bob Barker Company, plaintiff's proposed amendment makes no allegation that this private company's action of supplying shoes to the prison was an action under color of state law. Plaintiff's second motion to amend is denied.

Plaintiff's recently filed motions for discovery requesting documents and records appear to have been misfiled with this court.  Plaintiff is advised that he may submit discovery requests as set forth by the Federal Rules of Civil Procedure.  Rule 34 specifically allows for requests for production of documents; however, pursuant to Local Rule 26.4, plaintiff is to file requests for discovery directly with the defendants, and should not file such requests with the court.  Plaintiff should submit only a certificate of service with the court indicating that his discovery requests were submitted to defendants on a particular date.  Despite plaintiff's error, this court will order defendants, on this one occasion, to treat plaintiff's discovery requests as properly submitted, and to respond to such requests as set forth by the Rules of Civil Procedure.

IT IS, THEREFORE, ORDERED that defendants' motions for discovery are denied, without prejudice, and defendants are to respond to the requests as if they were properly served upon them.  [96, 97]  It is further

ORDERED that plaintiff's January 25, 2008 motions to amend to add parties JCCC and Bob Barker Corporation are denied.  [83, 85]  It is further

ORDERED that plaintiff's January 17, 2008 motion to amend to add parties D.O. Elizabeth Conley, and J. Cofield is granted.  [61]  It is further

ORDERED that within thirty days, Correctional Medical Services notify the court, in writing, whether it will or will not waive service of process.  It is further

ORDERED that defendants Conley and Cofield answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived.  It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration.  It is further

ORDERED that plaintiff's motions for appointment of counsel and related hearing are denied, without prejudice.  [69, 81, 84, 93, 102, 103, 115]  It is further

RECOMMENDED that plaintiff's October 19, 2007 motion for summary judgment be denied.  [15]  It is further

6

RECOMMENDED that plaintiff's motions for preliminary injunctive relief be denied. [62, 63, 80, 114, 120] It is further

RECOMMENDED that the January 10, 2008 motion of CMS defendants Vickers, Hardman, Sulltrop and Swartz to dismiss be denied. [50]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 31st day of March, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge