**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

DANIEL PAUL SKIPPER, Register No. 328366, )
                                                                         )
               Plaintiff,              )
                                                          )
            v.                        )        No. 07-4201-CV-C-NKL
                                                           )
DAVE DORMIRE, et al.,              )
                                                          )
               Defendants.        )

**REPORT, RECOMMENDATION AND ORDER**

       On January 22, 2008, Jefferson City Correctional Center (hereinafter "JCCC") defendants Dormire, Galloway, Wood, Janes, Cassady and Sutton filed a motion to dismiss plaintiff's claims. On February 7, 2008, JCCC defendants Wendell, Enloe, Webb and Sutton also filed a motion to dismiss. Plaintiff filed a response on March 3, 2008.[1]

       Rule 8(a)(2), Federal Rules of Civil Procedure, requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

       Thus, a complaint is properly dismissed under Fed. R. Civ. P. 12 (b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

the light most favorable to the plaintiff.  Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008).  "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'"  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Plaintiff's claims alleging that he received conduct violations as a result of his being unable to provide a urinalysis sample when being observed by corrections officers, fails to state a claim on which relief may be granted.

First, a urinalysis does constitute a search or seizure for purposes of the Fourth Amendment.  Spence v. Farrier, 807 F.2d 753 (8th Cir. 1986).  Therefore, under the Fourth Amendment, such searches must be conducted in a reasonable manner.  Id. at 755.  However, prison officials are afforded "wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and maintain institutional security."  Id. (citing Bell v. Wolfish, 441 U.S. 520, 547 (1979)).  A determination of reasonableness requires the balancing of significant and legitimate security interests of the prison against the privacy interest of the inmates.  Id. at 755.  The unauthorized use of narcotics is a problem in prisons.  Id.  Because of the security needs of prisons, a prisoner's expectation of privacy in his body is diminished.  Id.  "The prisoners' limited expectation of privacy does not forbid random urine collection and analysis."  Id.  The Eighth Circuit, in Spence v. Farrier, specifically held that a prisoner's Fourth Amendment rights are not violated by random urinalysis testing for drugs at a prison.  Id.

Here, plaintiff is a prison inmate required to submit a urine sample for purposes of random testing for narcotics.  Plaintiff's allegations that in four years he has been tested nine times are insufficient to make claims that the testing was not random and was done for purposes of harassment.  Moreover, plaintiff has alleged no medical basis for his being unable to submit a required urine sample that would make the requirement unreasonable.  Plaintiff's allegation that he is disabled, preventing him from lifting over ten pounds and causing some limits in his mobility, fails to set forth any medical basis for his not submitting a urine sample.  Cf: Levine v. Roebuck, 2007 WL 3046582 (W.D. Mo. 2007) (forced catheterization of 67-

2

year-old inmate with enlarged prostate for purposes of obtaining a urine sample to test for narcotics was unreasonable under the circumstances).  Plaintiff's allegations that he has, on several occasions, been unable to produce a urine sample in front of prison personnel within the two-hour time frame (with the assistance of drinking 24 ounces of water) as required, and wants to be given other options to submit such a sample, fails to state a claim sufficient to show that the urine sample requirements are unreasonable and violate his constitutional rights.  Plaintiff's allegations that he is required to submit urinalysis for random drug testing fail to state a claim under the Fourth Amendment.

Moreover, plaintiff's allegations that he received conduct violations on several occasions for his failure to submit a urine sample as required by prison rules do not allege a violation of his constitutional rights.  Receiving a conduct violation for a violation of prison rules cannot be said to violate a prisoner's constitutional rights, see Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 2001) (no constitutional violation where discipline was, in fact, imposed for an actual violation of prison rules or regulations), and as set forth above, prison rules regarding required submission of urine samples for purposes of random drug testing are reasonable and do not violate an inmate's constitutional rights.  Additionally, plaintiff's allegations that he received assignment to administrative segregation in response to such conduct violations fail to identify a liberty interest protected by due process.  An inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'"  Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2001).  It has been consistently held that assignment to segregation, even without cause, is not itself an atypical significant hardship.  Phillips v. Norris, 320 F.3d 844, 847 (2003).  The loss of privileges that accompanies a prisoner's assignment to administrative segregation does not constitute an atypical and significant hardship.  Id.

Plaintiff's claims alleging injury as a result of exposure to environmental tobacco smoke have not been exhausted by plaintiff.  Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id. Plaintiff's claims of exposure to second-hand smoke, therefore, should be dismissed for failure to exhaust administrative remedies.

Plaintiff's allegations that he has been denied showers by Corrections Officer Keong, who is not identified as a defendant in this case, should be dismissed. A defendant must be identified in order to state a claim on which relief may be granted. Moreover, even if Keong was identified as a defendant, plaintiff's claim that Keong has denied him showers, fails to allege that plaintiff is generally not receiving an opportunity to shower, such that his constitutional rights are being violated.

Plaintiff's claims against defendant Ms. Sutton fail to allege what constitutional right of plaintiff's was violated. Plaintiff alleges only that Ms. Sutton participated in allegedly forcing him to fingerprint a green check from his inmate account. Plaintiff claims another inmate who was blackmailing him forced him to sign the check. Plaintiff's complaint alleges the check was written to a "confederate of" the inmate who was blackmailing him. Liberally construing plaintiff's claim, the court assumes a failure-to-protect claim may be asserted by plaintiff against Sutton. However, even assuming such claim, plaintiff fails to allege claims sufficient to bring a failure-to protect-claim. In Farmer v. Brennan, 511 U.S. 828, 843 (1970), the

4

Supreme Court held that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Deliberate indifference exists if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware and he must also draw the inference." Id. at 837. In the context of plaintiff's claims, he must show that defendants were deliberately indifferent to the need to protect him from a substantial risk of serious harm from other inmates. Id. at 825. Defendants must have actual intent that plaintiff would be harmed, or knowledge that harm will result, or reckless disregard of a known risk to plaintiff's health and safety. Id. Plaintiff's allegations against defendant Sutton fail to state a claim of an excessive risk to plaintiff's health or safety which was known, and disregarded, by defendant Sutton. Plaintiff's claims against defendant Sutton should be dismissed for failure to state a claim.

Plaintiff's complaint makes no discernable allegations against defendants Enloe and Webb, and therefore, plaintiff's allegations against them should be dismissed for failure to state a claim.

On March 17, 2008, plaintiff filed a motion for leave to file an attorney entry. Plaintiff requests that the court appoint on his behalf legal counsel, Joseph Woodcock. Plaintiff requests that this appointment be paid by JCCC. Upon review, plaintiff's request has no proper basis. Mr. Woodcock has not contacted the court indicating he would like be appointed to represent plaintiff. If plaintiff wants attorney Woodcock to represent him, plaintiff should contact him directly at the telephone number plaintiff provided to the court. Plaintiff cannot enter an appearance on behalf of an attorney he wants to represent him.

IT IS, THEREFORE, ORDERED that plaintiff's motion for leave to file an attorney entry is denied. [124] It is further

RECOMMENDED that the motions of defendants Wendell Enloe, Sandra Webb, Tina Sutton, Dormire, Galloway, Wood, Janes, Cassady and Sutton to dismiss be granted. [72, 100]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 26th day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge