# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

DANIEL PAUL SKIPPER, Register No. 328366, )
                                                          )
                 Plaintiff,               )
                                                          )
                       v.                     )         No. 07-4201-CV-C-NKL
                                                          )
DAVID MURPHY, et al.,            )
                                                          )
                 Defendants.           )

## REPORT, RECOMMENDATION AND ORDER

     Before the court are plaintiff's remaining claims which allege denial of proper medical care by Correctional Medical Services (hereinafter "CMS") defendants Vickers, Hardman, Sulltrop, Swartz, Conley and Cofield. These defendants have filed a motion for summary judgment. Plaintiff has filed a response to summary judgment, his own motion for summary judgment, and numerous additional miscellaneous filings. Defendants have filed a reply to plaintiff's suggestions in opposition to summary judgment as well as responses to plaintiff's motion for summary judgment and additional miscellaneous filings.[1]

*Summary Judgment*

     Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, the court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Plaintiff claims that CMS defendants violated his Eighth Amendment rights when they denied him adequate medical care for his feet.

To succeed on his Eighth Amendment medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176).

2

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate for his medical condition does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976). Likewise, plaintiff's disagreement with the diagnosis of his medical condition is insufficient to state a claim. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). Nothing in the Eighth Amendment prevents doctors from exercising independent medical judgment in diagnoses and treatment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

In this case, plaintiff's voluminous medical records submitted in support of defendants' motion for summary judgment show he has received extensive evaluations, diagnoses and treatment for his several medical conditions, including complaints regarding his feet. The records show plaintiff received medical evaluations for his complaints seeking to see an orthopedic specialist and for special orthopedic shoes for his feet beginning in August 2006, which is when he first started making the requests, and has continued to receive evaluations and treatment through the date of submission of his medical records. Despite the evidence in the medical records, in his response to defendants' summary judgment motion and in support of his own, plaintiff states defendants willfully did not provide him with his requested referral to an orthopedic specialist and orthopedic shoes, in violation of his constitutional rights. Plaintiff states that because he was denied the referral and shoes, he fell and injured himself on October 25, 2007, and that as a result of his fall, he has lost proper function of his lower right leg and foot. Plaintiff states defendants continued to deny him the necessary referral and shoes until it was too late.

As set forth above, deliberate indifference requires a serious medical need which defendants knew about but refused to treat. In this case, there is no evidence to support that plaintiff, in fact, had a serious medical need for which defendants were refusing him treatment. Plaintiff's medical records repeatedly indicate there was no medical indication for referral to an orthopedic specialist or for special shoes. The fact that plaintiff, who has no medical training, thought he had a serious medical need that required treatment by a orthopedic specialist and with orthopedic shoes is insufficient to establish he had a serious medical need.

3

Morever, even assuming plaintiff was requesting a referral to an orthopedic specialist and orthopedic shoes because he, in fact, had a serious medical need, there is no evidence to support that defendants were aware of plaintiff's serious medical need, but refused to remedy it. Despite plaintiff's allegations of denial and/or delay in receiving treatment, the undisputed facts set forth in plaintiff's own medical records show that his request for an orthopedic referral and shoes was evaluated extensively and repeatedly by defendants. The medical records show that plaintiff was seen and evaluated in person approximately eight times between August 22, 2006, and October 25, 2007, regarding his request for an orthopedic specialist referral and special shoes. Further, although plaintiff was not granted his requests for a referral to an orthopedic specialist and for orthopedic shoes, he did, in fact, receive ongoing evaluations and treatment for the medical complaints of back and foot pain, which he asserted were the basis for the needed referral and shoes. The treatment prescribed for plaintiff included pain (800 mg. ibuprofen) and edema (swelling) medication, and continued renewals of plaintiff's prison lay-ins, which restricted him from working, restricted his cell location to the lower walk of the prison, and restricted his cell assignments to lower bunk only.

Plaintiff's requests for an orthopedic referral and shoes were further reviewed via the grievance process initiated by plaintiff. CMS defendants Sulltrop and Vickers, Health Services Administrators, and Regional Manager Cofield all reviewed plaintiff's medical records, and all affirmed that the record did not support a referral to an orthopedic specialist or special shoes at the time of their review.

There is no evidence in the undisputed medical records to support plaintiff's assertions that it was necessary for him to be referred to an orthopedic specialist or that he needed special orthopedic shoes prior to his tripping and falling on his leg on October 25, 2007. Plaintiff's own assertions that he believed he should have been referred to a specialist and received special shoes are nothing more than a disagreement with CMS defendants as to what the proper course of treatment was for his medical condition(s). These claims are not actionable under 42 U.S.C. § 1983. "Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix 86 F.3d 761, 765 (8th Cir. 1996). Moreover, a prisoner has no

4

constitutional right to consult with a specialist.  Shoemake v. Cade, 982 F.2d 526 (8th Cir. 1993).

Further, plaintiff's allegation that his falling on his left leg was caused by the lack of referral to an orthopedic specialist and/or lack of orthopedic shoes is not supported with evidence.  Plaintiff has no medical training on which to base his assertion, and his medical records do not support this allegation.  The medical records regarding plaintiff's fall on October 25, 2007, state that the nondefendant nurse observed plaintiff trip on his shoes and fall on his left knee.  The nurse further noted that plaintiff stated he fell because his right leg was asleep, and she observed plaintiff walking without putting his shoes on his heels.  Neither the medical records prior to plaintiff's fall on October 25, 2007, nor his subsequent records provide evidence to support his claim that he would not have fallen if he had been referred for an orthopedic consultation and shoes.

In the face of medical records indicating that extensive evaluations and treatment was provided to plaintiff, along with defendants' physician affidavits in support of summary judgment indicating that the care provided to plaintiff was adequate, plaintiff cannot create a question of fact by merely stating he believes he did not receive adequate treatment.  Dulany v. Carnahan, 132 F.3d 1234 (8th Cir. 1987).  At most, plaintiff's claims could be that of medical negligence, but medical negligence is not actionable under 42 U.S.C. § 1983.  There is no evidence from which a reasonable jury could find that defendants, with deliberate indifference, denied plaintiff his requested referral to an orthopedic specialist and for orthopedic shoes.  Defendants' motion for summary judgment should be granted.

For the same reasons as set forth above, plaintiff's motion for summary judgment should be denied.

*Motion for Judgment on the Pleadings filed by Defendant Murphy*

At this stage in the proceedings, the standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss.  The distinction between a motion to

5

dismiss and a motion for judgment on the pleadings is merely a procedural issue;[2] thus, a Rule 12(c) motion for judgment on the pleadings is reviewed under the standard that governs Rule 12(b)(6) motions. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing St. Paul Ramsey County Med. Ctr. v. Pennington County, 857 F.2d 1185, 1187 (8th Cir. 1988)).

A complaint is properly dismissed under Rule 12 (b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Defendant Murphy argues that although identified as a defendant, plaintiff fails to make any allegations against him in his complaint. Murphy argues the prerequisite for liability in a section 1983 suit for money damages is direct, personal involvement by each defendant. Murphy also argues that broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under section 1983.

In response to Murphy's motion, plaintiff merely asserts that Murphy signed some paperwork showing his involvement. Plaintiff further responds that if Murphy "agrees to never have direct or indirect contact with plaintiff," he will withdraw his claim against him.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual

---

[2]Technically, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) cannot be filed after an answer has been submitted.

allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Plaintiff's broad, completely unspecified allegation that Murphy signed some paperwork, and therefore, is directly involved in his denial of medical care, fails to set forth a sufficient allegation to proceed with this claim. Murphy's motion for judgment on the pleadings should be granted.

*Motion to Amend and Reconsider Counsel*

On April 23, 2008, plaintiff requested leave to amend and reconsideration of appointment of counsel. Plaintiff was previously denied counsel on March 31, 2008. There have been no significant changes in circumstances since that time, and thus, for the reasons previously set forth, plaintiff's motion for appointment of counsel is denied.

Although titled a motion to amend, plaintiff is not requesting leave to amend his complaint; rather, he makes allegations that defendants denied him discovery at his deposition and that he needs court-ordered medical attention. Upon review, the court finds plaintiff's broad and conclusory allegations that he was denied discovery at his deposition do not merit the court granting relief. Plaintiff's motion seeking court-ordered medical attention is also without merit. Plaintiff's medical treatment is at issue in the summary judgment motion of CMS defendants, which the court is recommending granted. Further, the court notes the extensive medical attention, testing and treatment plaintiff has received are clearly reflected in his medical records spanning the years 2002 through 2008; with the medical records being approximately 800 pages in length.

*Motion to Add Defendants*

On April 23, 2008, plaintiff also filed a motion seeking to add defendants. Plaintiff states that as a result of the discovery he received at his classification hearing of October 18, 2007, he wants to add defendants Sgt. Debra Reed, Inmate Ferozge #18740, and Functional Unit Manager Kahrgo. Plaintiff alleges these defendants are responsible for his placement in solitary confinement without proper medical care.

Plaintiff's motion to add defendants appears to relate to claims already dismissed; therefore, the court finds no basis or requirements of justice that would require plaintiff to be

7

granted leave to name additional defendants. Specifically, plaintiff's claims regarding being disciplined and put in solitary confinement appear to be directly related to those which alleged plaintiff received conduct violations as a result of his being unable to provide a urinalysis sample when being observed by corrections officers. These claims were previously dismissed for failure to state a claim.

*Additional Motions*

On April 23, 2008, plaintiff filed a motion for an order for a conference between plaintiff and defense counsel John Treu. The court finds no basis for such order, and therefore, it is denied.

On May 1, 2008, plaintiff filed a "motion to depress." Plaintiff wants questions he answered at his deposition be "depressed" because he did not have an attorney. As previously advised by the court, plaintiff has no constitutional right to counsel in a civil action. Plaintiff's motion is denied.

On May 16, 2008, plaintiff filed a motion for leave to present an order for a wheel chair. A review of the docket sheet indicates that on August 22, 2008, plaintiff filed a notice of filing indicating he now has a medical order for a wheelchair. Plaintiff's motion for a wheelchair is, therefore, denied as moot.

Plaintiff's August 29, 2008 motion for leave to file a request that Missouri Department of Corrections defendant Cassidy allow plaintiff's new cellmate to be his wheelchair pusher is beyond the scope of his claims in this case. Further, there is no indication of a threat of irreparable harm to plaintiff that would require the court to consider injunctive relief. The court notes the extensive medical record in this case does not appear to support that plaintiff requires a person to push his wheelchair. In May 2008, plaintiff was using a walker for mobility.

On May 20, 2008, plaintiff filed a motion for copies of his medical and prison records. In response, defendants state that arrangements have already been made for plaintiff to receive these records. Plaintiff has failed to respond indicating otherwise. Plaintiff's motion is denied.

8

On May 20, 2008, plaintiff filed a motion seeking a court order restricting the use of tobacco within 23 feet of public buildings. Defendants responded that there is no evidence to support such a court-ordered injunction, and further that smoking is already prohibited in all occupied prison buildings. Upon review, the court finds that these claims are unrelated to the remaining claims in this case. Further, the court finds no threat of irreparable harm to plaintiff which would require the court to consider injunctive relief. The court finds no basis on which to grant plaintiff's motion.

On May 20 and June 26, 2008, plaintiff again requested appointment of counsel. For the reasons previously set forth, these motions are denied.

On June 3, 2008, plaintiff filed a motion for an order that he be given a different cellmate because his cellmate will not allow him to have the light on and he smokes in the cell. On August 20, 2008, plaintiff filed a letter with the court seeking a court order to enable him to have his cell light on at least eight hours a day and that he be given copies of his grievances filed regarding his exposure to tobacco smoke. On August 22, 2008, plaintiff filed a motion titled writ of mandamus seeking that all tobacco be taken from his cellmate. On August 21, 2008, plaintiff filed a notice of filing indicating he now has a new cellmate. Upon review of plaintiff's August 21, 2008 filing, it appears plaintiff is no longer subjected to the problems of his previous cellmate's smoking in the cell and not allowing the cell light to be turned on. Therefore, plaintiff's motions regarding these issues are denied as moot.

On June 4, 2008, plaintiff filed a motion seeking a jury trial on claims that he is being repeatedly celled with smokers, that he has spots on his lungs as a result, and is forced to carry his property from housing unit to housing unit with his hands behind his back. These claims do not relate to plaintiff's claims in this case, and summary judgment motions have already been submitted in this case. The court finds no basis to grant plaintiff's motion. Plaintiff may file a separate complaint regarding these claims if he deems it necessary.

On June 13, 2008, plaintiff filed a motion seeking protective custody. Plaintiff complains he received ninety days in administrative segregation when he requested protective custody. Plaintiff wants protective custody or a transfer. Again, these claims do not relate to the claims in this case and summary judgment motions have already been submitted. Further,

there is no reason for the court to believe there is a threat of irreparable harm to plaintiff that would warrant the court to consider injunctive relief.

On June 18, 2008, plaintiff filed a motion for leave to add defendant Lynne R. Oetting. Plaintiff states that in response to the medical records submitted with summary judgment, he wants to add Oetting as a defendant. Upon review, justice does not require at this stage in the proceedings that plaintiff be granted leave to amend to add a defendant. Moreover, the court finds such amendment would be futile, because plaintiff's claims against Oetting regard the same claims as those addressed in defendants' motion for summary judgment, which the court is recommending be granted.

On July 30, 2008, plaintiff requested transfer to a different housing unit, stating he wants out of housing unit 6. Plaintiff's motion seeking transfer to a different housing unit involves claims which are not related to the claims in this case, and for which there is no basis for the court to consider injunctive relief.

The court notes plaintiff continues to file motions on claims which are unrelated to those which remain proceeding in this case. Plaintiff is advised that these motions are improper and slow the processing of this case. Plaintiff may file a separate complaint on additional claims not at issue in the instant complaint if he deems necessary.

Upon review and consideration of defendants' motion of November 5, 2008, it is

ORDERED that defendants are granted leave to file a redacted version of document No. 171. It is further

ORDERED that the Clerk of Court seal document No. 171. [209] It is further

ORDERED that plaintiff's motions for transfer, to add defendants, for protective custody, for jury trial on new claims, for his cellmate to be his designated wheelchair pusher, for a court order of no tobacco, to "depress," for a conference, and to amend are denied. [142, 143, 147, 149, 157, 170, 173, 177, 192, 201, 202] It is further

ORDERED that plaintiffs' motions requesting a wheel chair, copies of medical and prison records, a new nonsmoking cellmate, that his cell light be turned on at least eight hours per day, and for writ of mandamus regarding his smoking cellmate are denied as moot. [154, 156, 169, 195, 197] It is further

ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice. [142, 158, 181] It is further

RECOMMENDED that defendant Murphy's motion for judgment on the pleadings be granted. [207] It is further

RECOMMENDED that the motion of defendants Vickers, Hardman, Sulltrop, Swartz, Conley and Cofield for summary judgment be granted and plaintiff's remaining claims be dismissed. [171] It is further

RECOMMENDED that plaintiff's motions seeking summary judgment be denied. [153, 194, 205]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 21st day of November, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

11

Case 2:07-cv-04201-NKL   Document 214   Filed 11/21/08   Page 11 of 11